Nevitts, J.
I will consider the several objections urged, in the order in which they are presented.
The first reason is not supported in fact; the petition contains, upon its face, all that is necessary to give the court jurisdiction and entitle the applicant to a hearing.
In support of the second reason it is shown, that there was no proof of notice of hearing served on Frazee and Seott, whose names were included in the petitioners list of creditors annexed to his petition. By the return it appears, that the petitioner was examined upon oath, pursuant to the directions of the act, and by the affidavit of Samuel H. Bei’ry, taken by virtue of a rule of this court, it further appears, that in such examination, he stated some excuse for not having served such notice, and that it was not intentional on his part, but wholly accidental. The act re *84 quires a written notice of the time and place of hearing, to be served personally upon the creditors or left at their usual place of residence, thirty days prior to the hearing, but it does not declare, if this is not done, the court shall refuse the debtor his discharge. The act is to receive a reasonable construction and if the omission to serve such notice on any one creditor, is the result of necessity or accident, as if the creditor or his place of residence, upon due diligence cannot be found, or if the agent employed to serve the notice, should serve it on the wrong person by mistake, the court will nevertheless .be warranted in granting the discharge; and as if to provide for such cases, the statute has also required a public notice by advertisement. What excuse for the omission was offered- by the debtor, in this case, does not appear, whatever it was the Common Pleas were the judges of its sufficiency, and we cannot say they abused their discretion. 1 Green, 308.
The third reason is supported by proof that Frazee and Scott were creditors of the defendant and their names are not contained in his list of creditors. The return shows that their names were-inserted in the list and the deposition of Berry proves, that they were erased with a pen by order of the court, on motion of the counsel for the plaintiffs in Certiorari, who was present at the hearing and opposed the discharge. This fact is a sufficient answer to this objection. It is true that Mr. Garr, in his deposition gives a different account of this matter, but this court cannot determine which of the witnesses is in error, nor is it very material.
• There is no ground for the fourth exception ; the law does not require, that the debtor should be a resident in New Jersey, at the time of his imprisonment. The only provision in relation to that subject is in the act of 1837, which excludes from the benefit of the act of 1830, all persons who have not resided in this State, at least three months before the arrest. The petition in this case sets forth, that the petitioner had resided in this State for that period before his arrest, and there is nothing in the record or the affidavits to impeach it.
The facts offered to sustain the fifth and sixth reasons assigned are found in the affidavit of Mr. Garr one of the plaintiff’s counsel, who says that the defendant in his examination stated, *85 il that J. J. McDonald had a judgment against him for five thousand dollars, and in 1837, he assigned to him his whole property for the payment of that debt and all other claims against him, except some custom house bonds, giving to McDonald a preference. That the property assigned was between thirty and thirty-five thousand dollars, the debts to be paid about forty or fifty thousand dollars, and that he does not consider McDonald a creditor.”
The error assigned is, that McDonald’s name is not in the list of creditors, and the petitioner’s residuary interest in the property assigned is not contained in the schedule of his estate. A plain answer to this is, that the debtor did not consider McDonald a creditor and the court did not consider that there was any residuary interest in the property so assigned to him, remaining in the debtor. But if both were mistaken, it would be no sufficient ground to set aside the discharge.
The last exception taken to this discharge is, that the court rejected certain offers and undertakings made upon the hearing, in behalf of the present plaintiffs. The first of these offers and undertakings was in writing and in the form prescribed by the sixth section of the insolvent act of 1795, and contained an agreement to allow such weekly sum for the support of the debtor as the court should direct. This was drawn in the names of the plaintiffs as opposing creditors, but signed “ A. S. Garr, Attorney for Hogan and Miller.” The second was an offer by said attorney, to give security for the payment of such weekly allowance or forthwith to pay the same in advance, to the clerk, sheriff or, gaoler, as the court might direct. Both these offers were rejected by the court and I apprehend rightly. The act provides, that if any creditor shall be dissatisfied with the truth and honesty of the declaration and confession of the debtor or the truth and fairness of his account and shall offer and undertake Ac. It is the creditor who is to express his dissatisfaction and enter into the undertaking, and not his attorney. How can he express his opinion of the truth of the debtor’s declaration and confession, or of his account and inventory until he lias heard the one or seen the other. What authority has an attorney at law to bind his client by such a stipulation. I will not deny but that a creditor may enter into such an agreement by attorney, but it *86 must be by virtue of a special authority for that purpose. It don’t arise from the mere relation of attorney and client. Nor did the offer to deposit the money alter the case, the debtor had a right to require the creditor himself to express his dissatisfaction and enter into the stipulations required by the act.
I find nothing in any of the reasons, assigned, to call for a reversal of this, judgment of the Common Pleas. Let the same be affirmed with costs.